**In re GRAND JURY PROCEEDING,**

**John Doe Co., Respondent–Appellant,**

v.

**United States of America, Movant–Appellee.**

**No. 01–6079, 01–6222.**

United States Court of Appeals, Second Circuit.

Oct. 31, 2003.

Mark J. Hulkower, Steptoe & Johnson, LLP (Bruce C. Bishop, Brian M. Heberlig, on the briefs), Washington, D.C., for Appellant.

Joseph V. DeMarco, Assistant United States Attorney, for James B. Comey, United States Attorney for the Southern District of New York (Robert R. Strang, Gary Stein, Assistant United States Attorneys, on the briefs), New York, N.Y., for Appellees.

PRESENT: MCLAUGHLIN, LEVAL, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

Appellant John Doe Co. ("Doe") appeals from portions of the district court's October 3, 2001 order granting in part the government's motion to compel production of certain documents subpoenaed by the grand jury and withheld by Doe on grounds of attorney-client and work-product privilege. The court granted the government's motion, finding (1) that communications between Doe and a private investigative firm referred to below

as "Inves. Co." were not covered by the attorney client privilege because the relationship between Doe and Inves. Co. was never intended to be a confidential one; and (2) that those communications were not covered by attorney work-product privilege because they were not created "in anticipation of litigation." We affirm.

### 1. Attorney–Client Privilege

A district court's determination that documents do not fall within the attorney-client privilege is reviewable only for abuse of discretion. *United States v. Int'l Bhd. of Teamsters*, 119 F.3d 210, 214 (2d Cir. 1997). Findings of fact must be upheld absent clear error. *United States v. Adlman*, 68 F.3d 1495 (2d Cir.1995).

To invoke the attorney-client privilege, a party must demonstrate that there was (1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice. *United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2d Cir.1996). Generally, the privilege applies only to communications between a client and its lawyer, not between the client or its lawyer and third parties. Under certain limited circumstances, however, the attorney-client privilege may extend to communications with a third party, such as an accountant or private investigator hired to assist in the rendition of legal services. *See, e.g., United States v. Kovel*, 296 F.2d 918 (2d Cir.1961). Like any communications protected by the attorney-client privilege, however, communication with such third-party agents is only protected if it is "made *in confidence* for the purpose of obtaining *legal* advice *from the lawyer.*" *Id.* at 922 (emphasis in original).

Doe sought to shield correspondence between Doe employees and a private investigator hired by company attorneys to monitor the company's potential involvement in firearms transactions. It argued and offered evidence that the investigator was hired as an "agent" of the company's in-house counsel and that all communications between company employees and the investigator were made in confidence. The government contends that the relationship between the investigator and Doe was never intended to be a confidential one, and that the investigator was in fact hired for public relations purposes. After reviewing the withheld documents *in camera* and hearing testimony from Doe attorneys and the private investigator, the district court determined that the documents in question were not covered by the attorney-client privilege because, at the time they were created, they were not intended by the parties to be confidential.

We cannot say that the district court abused its discretion by failing to credit Doe's evidence. The court's finding was reasonable and must be sustained.

### 2. Work–Product Privilege

A party asserting that a document is protected by the work-product doctrine must demonstrate that the document was prepared "in anticipation of litigation." *United States v. Nobles*, 422 U.S. 225, 237–38, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975); *Hickman v. Taylor*, 329 U.S. 495, 508, 67 S.Ct. 385, 91 L.Ed. 451 (1947). A document is prepared in anticipation of litigation when, "'in light of the nature of the document and the factual situation in the particular case, [it] can fairly be said to have been prepared or obtained *because of* the prospect of litigation.'" *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) (quoting 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, 8 *Federal Practice & Procedure* § 2024, at 343 (1994)). Work-product protection is not available for documents "that are prepared

in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation." *Id.* at 1202.

After a thorough *in camera* review, the district court found as a matter of fact that the particular communications between Doe and Inves. Co. were not prepared because of Doe's anticipation of litigation. These conclusions are reasonable in light of the whole evidence; we find no clear error of fact.

For the reasons set forth above, the order of the district court is hereby AFFIRMED. A second district court order, disputed in a consolidated appeal (No. 01-6079), will be addressed in subsequent orders of the court.